**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**UNO MAS CO., INC., individually and on behalf of all others similarly situated,**

**PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-cv-00123-JDM-JMV**

**RUAN TRANSPORT CORPORATION** **DEFENDANT**

***And***

**OAK CASK, LLC, individually and on behalf of All others similarly situated, d/b/a Cork & Barrel** **PLAINTIFF**

**V.** **CIVIL ACTION NO.: 3:26-cv-269-DMB-RP**

**RUAN TRANSPORT CORPORATION** **DEFENDANT**

**ORDER GRANTING MOTION TO CONSOLIDATE CASES**

Having come before the Court on the Motion to Consolidate [Doc. 34] filed by Oak Cask, LLC d/b/a Cork & Barrel ("Oak"), Plaintiff in the matter captioned *Oak Cask, LLC d/b/a Cork & Barrel*, Civil Action No. 3:26-cv-269-DMB-RP (the "Oak Cask Matter") to consolidate that matter with this above-captioned matter. For the reasons explained below, the matters will be consolidated for all purposes, with Defendant, Ruan Transport Corporation, reserving all rights to seek bifurcation under Federal Rule of Civil Procedure 42(b) following this Court's determination of class certification.

Under Federal Rule of Civil Procedure 42(a), the court may consolidate actions before it which involve common questions of law or fact. In the Fifth Circuit, "district judges have been 'urged to make good use of Rule 42(a) in order to expedite trial and eliminate unnecessary repetition and confusion,'" even where consolidation is opposed by the parties. *In re Air Crash*

*Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)). Courts consider eight factors in determining whether consolidation is appropriate: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately. *Kodaco Co., LTD. v. Valley Tool, Inc.*, No. 3:23CV211-GHD-JMV, 2023 WL 7663438, at *1 (N.D. Miss. Nov. 14, 2023). It appears that all factors relevant to consolidating the cases favor consolidation in this instance. The Court, having considered the applicable law, finds that in light of the relatedness of the cases, both cases should be consolidated.

The Court being advised in the premises and being made aware of the agreement of the parties, finds that the Motion is well taken and should be GRANTED as follows. It is therefore,

ORDERED AND ADJUDGED that the Motion to Consolidate is granted and that the Oak Cask Matter shall be consolidated with the Uno Mas matter, with the case number 3:26-cv-123-JDM-JMV being the lead case. The Clerk is directed to close case number 3:26-cv-269-DMB-RP. The parties are instructed to docket and file all documents in the lead case of 3:26-cv-123-JDM-JMV, using the following style:

**UNO MAS CO., INC., individually and on behalf of all others similarly situated,**

**PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-cv-00123-JDM-JMV**

**RUAN TRANSPORT CORPORATION** **DEFENDANT**

***Consolidated With***

**OAK CASK, LLC, individually and on behalf of All others similarly situated, d/b/a Cork & Barrel** **PLAINTIFF**

**V.** **CIVIL ACTION NO.: 3:26-cv-269-JDM-JMV**

**RUAN TRANSPORT CORPORATION** **DEFENDANT**

It is further,

ORDERED AND ADJUDGED that the Clerk of Court shall copy the following docket entries from the Oak Cask, LLC, case to the lead case prior to closing it: [Doc. 1] Complaint, [Doc. 2] Summons Issued, [Doc. 3] Motion to Consolidate,[1] [Doc. 4] Memorandum in Support of Motion to Consolidate, and [Doc. 5] Summons Returned Executed. It is further,

ORDERED AND ADJUDGED that the Defendant, Ruan Transport Corporation, reserves all rights to seek bifurcation under Federal Rule of Civil Procedure 42(b) following this Court's determination of class certification. It is further,

ORDERED AND ADJUDGED that Plaintiffs shall have 14 days from the entry of this Order, or by October 9, 2026, to file a consolidated Class Complaint. It is further,

ORDERED AND ADJUDGED that the answer deadline for Defendant, Ruan Transport Corporation, to Oak Cask, LLC's operative Class Complaint shall be extended by 14 days from

[1] This motion shall be terminated as moot.

October 2, 2026 to October 16, 2026, with the expectation that Plaintiffs will file a superseding consolidated Class Complaint prior to that date as provided for in this Order. It is further,

ORDERED AND ADJUDGED that the answer deadline for Defendant, Ruan Transport Corporation, shall be twenty-one (21) days after the filing of the Class Complaint provided for in this Order.

SO ORDERED AND ADJUDGED this the 25th day of September, 2026.

/s/ Jane M. Virden
Honorable Jane M. Virden
United States Magistrate Judge

AGREED TO AS TO FORM AND SUBSTANCE:

/s/ Timothy W. Porter
Timothy W. Porter (MSB No. 9687)
PORTER & MALOUF, P.A.
P. O. Box 12768
Jackson, MS 39236
Telephone: (601) 957-1173
Facsimile: (601) 957-7366
Email: tim@portermalouf.com
*Counsel for Oak Cask, LLC d/b/a Cork & Barrel*

/s/ David McMullan, Jr.
David McMullan, Jr. (MSB No. 8494)
BARRETT LAW GROUP, P.C.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Telephone: (662) 834-2488
Email: dmcmullan@barrettlawgroup.com
*Counsel for Uno Mas Co.*

/s/ Matthew W. McDade
Matthew W. McDade (MSB No. 103207)
BALCH & BINGHAM LLP
P. O. Box 130
Gulfport, MS 39502

Telephone: (228) 864-9900
Facsimile: (228) 864-8221
Email: mmcdade@balch.com

Matthew G. Warren (MSB No. 106349)
BALCH & BINGHAM LLP
188 East Capitol St., Suite 1400
Jackson, MS 39202
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
Email: mgwarren@balch.com
*Counsel for Ruan Transport Corporation*